UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHAKER MASRI | No. 10 CR 655<br><br>Judge William J. Hibbler |

MOTION FOR ENTRY OF UNOPPOSED
PROTECTIVE ORDER GOVERNING DISCOVEY

Pursuant to Fed. R. Crim. P. 16(d), the United States of America, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, moves for the entry of an unopposed protective order, and in support thereof states as follows:

1. The indictment in this case charges defendant with: (Count One) knowingly attempted to provide material support and resources to a designated foreign terrorist organization, namely al-Shabaab, knowing that organization had engaged in and was engaging in terrorist activity and terrorism in violation of Title 18, United States Code, Section 2339B(a)(1); and (Count Two) attempted to provide material support and resources, and to conceal and disguise the nature, location, source and ownership of such material support and resources, knowing and intending that they are to be used in preparation for and carrying out a violation of Title 18, United States Code, Section 2332a(b) (prohibiting a national of the United States from using, threatening, attempting or conspiring to use a weapon of mass destruction outside the United States); in violation of Title 18, United States Code, Section 2339A.

2. The government has discussed the proposed protective order with counsel for defendant, who does not oppose the entry of the proposed order.

For the reasons set forth above, the government respectfully requests that this Court enter the proposed protective order.

                                       Respectfully submitted,

                                       PATRICK J. FITZGERALD
                                       United States Attorney

                      By:   /s/ Joel M. Hammerman
                           JOEL M. HAMMERMAN
                           Assistant U.S. Attorney
                           219 South Dearborn St., Rm. 500
                           Chicago, Illinois 60604
                           (312) 353-8881

Dated: November 3, 2010

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHAKER MASRI | No. 10 CR 655<br><br>Judge William J. Hibbler |

NOTICE OF MOTION FOR ENTRY OF UNOPPOSED
PROTECTIVE ORDER GOVERNING DISCOVERY

To:   Matthew McQuaid
      53 W. Jackson Bvld., Suite 1420
      Chicago, IL 60604

PLEASE TAKE NOTICE that on Tuesday, November 9, 2010 at 10:15 a.m., or as soon thereafter as counsel may be heard, I will appear before Judge William J. Hibbler in the courtroom usually occupied by him in the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois, or before such other Judge who may be sitting in his place and stead, and then and there present the Government's Motion For Entry of Unopposed Protective Order Governing Discovery.

                                                  Respectfully submitted,

                                                  PATRICK J. FITZGERALD
                                                  United States Attorney

By:   /s/ Joel M. Hammerman
      JOEL M. HAMMERMAN
      Assistant U.S. Attorney
      219 South Dearborn St., Rm. 500
      Chicago, Illinois 60604
      (312) 353-8881

Dated: November 3, 2010

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHAKER MASRI | No. 10 CR 655<br><br>Judge William J. Hibbler |

PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the unopposed motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendant and defendant's counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court. The materials and their contents shall not be disclosed either

directly or indirectly to any person or entity outside of the United States without prior authorization from the Court.

3. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

4. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

6. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the Court. The Court may require a certification as to the disposition of any such materials.

7. To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the

case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

8.  The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, absent prior permission from this Court.

9.  Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____
WILLIAM J. HIBBLER
District Judge
United States District Court
Northern District of Illinois

Date: _____