UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHAKER MASRI | No. 10 CR 655<br><br>Hon. Sharon Johnson Coleman |

### GOVERNMENT'S MOTION TO EXTEND TRIAL DATE

The United States of America, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby respectfully moves the Court to reset the trial date in this case. In support of its motion, the government states as follows:

*Introduction*

Notwithstanding its strenuous efforts, which include the expenditure of hundreds of hours of attorney time reviewing extensive classified information implicated in discovery in this case, the government, although substantially completing its discovery review, has thus far not completed its production of remaining discovery. Although the government expects to substantially complete the process of obtaining authority to produce remaining discovery within approximately 30 days, the volume of materials to be produced, together with the issues that the government anticipates both parties will seek to litigate pursuant to the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"), and the time required for CIPA-related litigation, render impractical the July 23, 2012 trial date tentatively set by Judge Hibbler.

As explained in greater detail herein, the review, disclosure and presentation of classified information is an arduous, albeit necessary process, often requiring the presentation and resolution of lengthy *ex parte* classified motions, as well as judicial review of significant amounts of prospective discovery and evidence. The government submits that these processes, which must be completed in order for the government to satisfy its remaining discovery obligations, will effectively preclude the parties from adhering to the Court's July 23, 2012 trial date. The government, however, remains committed to preparing this case for trial as expeditiously as possible and will work diligently with the Court and defense counsel to accomplish that goal.

The government expects to be able to apprise the Court of the import of classified discovery at the Court's expected May 23, 2012 status hearing. The government further anticipates being able to produce a substantial amount of discovery to defense counsel by that date. Following the defendant's preliminary review of those materials, the parties and the Court should be in a position then to set a schedule for the filing and disposition of motions brought pursuant to CIPA and, if necessary, the Foreign Intelligence Surveillance Act of 1978 ("FISA"), as amended, 18 U.S.C. §§ 1801, *et seq*. The government respectfully requests that given the time necessary to meet these discovery-related obligations, the Court provide the parties a 90-day extension of time to proceed to trial, subject, of course, to the Court's availability.

### *Factual and Procedural Background*

In July of 2010, defendant Shaker Masri told a close associate that he had decided to leave the United States to travel to Somalia to aid al-Qaeda and/or al-Shabaab in jihadist conflict. Over the following two weeks, Masri told this associate, who, unbeknownst to Masri, was cooperating with law enforcement, that he not only intended to travel to Somalia to support these terrorist organizations, but that he intended to aid their jihadist fight by volunteering for a suicide mission in which, using himself as a weapon of mass destruction, he could die as a "martyr" in the act of murdering others.

Investigating law enforcement agents arrested Masri before he could travel abroad to act on his intentions, and on September 29, 2010, Masri was charged in a two count indictment with seeking to aid a terrorist organization. In particular, Masri was charged in Count One with knowingly attempting to provide material support and resources to a designated foreign terrorist organization, namely al-Shabaab, knowing that organization had engaged in and was engaging in terrorist activity and terrorism, in violation of Title 18, United States Code, Section 2339B(a)(1). Masri was charged in Count Two with attempting to provide material support and resources, and to conceal and disguise the nature, location, source and ownership of such material support and resources, knowing and intending that they were to be used in preparation for and carrying out a violation of Title 18, United States Code, Section 2332a(b) (prohibiting a national of the United States from using, threatening,

attempting or conspiring to use a weapon of mass destruction outside the United States), in violation of Title 18, United States Code, Section 2339A.

Early in these proceedings, the government began providing the defendant many of the key materials underlying the charges alleged in the indictment. In particular, the government has provided the defendant with, *inter alia*, nearly seventy-five recordings or groups of recordings of in-person and telephonic communications between the defendant and the CS, translated transcriptions of those often lengthy consensual recordings, scores of witness reports, a digital video recording of the defendant's post-arrest interview, forensic analysis of certain electronic data, numerous surveillance reports, voluminous records obtained from third-party service providers, and a multitude of intercepted telephone calls. Nevertheless, additional discovery remains, including significant amounts of classified discovery. Notwithstanding the limited nature of the conduct alleged in the indictment, discovery in this case has implicated a large volume of classified information, including, as noted above, information obtained and derived from electronic surveillance conducted pursuant to the Foreign Intelligence Surveillance Act of 1978 ("FISA"), as amended. 50 U.S.C. §§ 1801, *et seq*.

On September 22, 2011, the Honorable William J. Hibbler, the district court judge then assigned to this case, held an *ex parte*, *in camera* hearing pursuant to CIPA Section 2, during which the government apprised the Court in general terms of the nature, volume and the potential import of that classified information. R. 50. Following that hearing, at the

defendant's request, Judge Hibbler set a tentative trial date of July 23, 2012. R. 49.[1] In doing so, however, Judge Hibbler noted that due in part to the classified information associated with this case, it could prove necessary to delay the trial date set by the Court, and set a November 15, 2011 status at which the government was to apprise the Court of the status of its on-going discovery review and prospective production. R. 49.

Unfortunately, the government did not have an opportunity further to apprise Judge Hibbler of these efforts. As the Court is aware, Judge Hibbler fell ill and, accordingly, status dates scheduled in this matter were continued by the Court on a nearly monthly basis. R. 52 – 55. In early 2012, the Court's deputy clerk inquired whether the parties wanted to appear before an interim district court judge during Judge Hibbler's absence to address the case's progress. Counsel for the government deferred to defense counsel, who requested that the parties await Judge Hibbler's then-expected return. Unfortunately, that never occurred, as Judge Hibbler unexpectedly passed away in March 2012.

This case subsequently was reassigned to this Court on March 21, 2012. R. 57. The following day, on March 22, 2012, the government filed a motion requesting a status hearing with the Court. R. 58. The government supplemented that motion by immediately requesting the opportunity to advise the Court pursuant to Section 2 of CIPA of the import that classified information had and would continue to have on the resolution of this case. R. 62. The Court granted the government's request, holding both a general status hearing with the

---

[1] The Court set the proposed trial date over both parties' objection. The government requested a later date, while defendant requested an earlier date.

parties and another *ex parte*, *in camera* hearing with the government on April 4, 2012. R. 65. During those hearings, the government informed the Court of the case's current status, including the on-going effect that classified information had on the case's development and its expected import on its future progress. Based on that information, which cannot be described further herein due to its classified nature, the government requested that the Court extend the date this case is scheduled to proceed to trial. R. 65.[2] The Court ordered the government to file this motion in support of its oral request to move the trial date. R. 65.

### *Argument*

The Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, specifically provides that a Court may extend the period in which to set a trial when the ends of justice served by such delay outweigh the public and defendant's interest in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Act further provides that "[t]he factors, among others, which a judge shall consider in determining whether to grant such a continuance" include "[w]hether the case is so unusual or so complex, due to . . . , the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" without the continuance. 18 U.S.C. § 3161(h)(7)(B)(ii).

---

[2] The government has, unfortunately, been constrained in what it can disclose to the Court concerning the nature of the classified information at issue in this case. Counsel for the government has requested the necessary authorization to disclose additional information to the Court concerning these matters. Accordingly, the government anticipates being able to provide such additional information to the Court, albeit *ex parte* and *in camera*, at or near the next status date of May 23, 2012, if the Court so requires.

As explained herein, this case is the type of unusually difficult and complex case requiring significant time to prepare contemplated by the Act's "ends of justice" provision. *See e.g., United States v. Al-Arian*, 267 F.Supp.2d 1258, 1263 (MD.Fla. 2003) (noting that terrorism cases present the type of complex and challenging issues for which it is unreasonable to expect expeditious trial dates).

In this case, the volume of classified information that was required to be reviewed in order to meet the government's discovery obligations delayed the ability of the parties to expeditiously proceed towards trial. However, as set forth above, the government now anticipates that it will be able to produce a substantial amount of its classified and remaining unclassified discovery production in this case before the Court's next status date, and then begin the process of addressing certain remaining discovery-related issues with the Court as required under Section 4 of CIPA.

That, of course, may not end the impact of CIPA-related litigation on this case. If the defendant seeks to utilize classified materials at the time of trial, he will need to specify those materials for the Court in additional pretrial submissions brought pursuant to CIPA Section 5. In particular, pursuant to Section 5(a) of CIPA, the defendant must specify the precise classified information he reasonably expects to disclose or of which he will cause the disclosure. The Court, in turn, may need to hold a hearing pursuant to CIPA Section 6(a) to determine the use, relevance, and admissibility of the defendant's proposed evidence. Finally, the manner in which any classified material may be presented at trial could further need to be litigated before the Court subject to CIPA Section 8 proceedings.

As suggested herein, the process for litigating the discovery and use of classified litigation is complex and arduous. Accordingly, Courts have, in comparable cases, found the difficulty in adjudicating complex pre-trial CIPA litigation as a reason to extend proposed trial dates. For example, the trial court in *United States v. Warsame* held that the arduous process of presenting and resolving pretrial CIPA authorized motions justified granting a government motion to continue a trial date. *See United States v. Warsame*, No. 04–29(JRT), 2007 WL 748281, at *3 (D. Minn. Mar. 8, 2007) ("[i]mplementation of the protections under CIPA is time consuming, but it is necessary before the prosecution can legally comply with its discovery obligations."). Similarly, the court in *United States v. Salad*, 779 F.Supp.2d 509 (E.D.Va. 2011) found the mere possibility that a case could require CIPA sanctioned litigation to be a factor that further justified a trial date extension. *Salad*, 779 F.Supp.2d at 514 (citing cases); see also *Al-Arian*, 267 F.Supp.2d at 1265 n. 16.

The government respectfully suggests that in light of the volume of discovery materials still to be produced and the time that will be required for the parties to engage in CIPA litigation, the present trial date of July 23, 2012 is simply not practical. The government, however, remains steadfastly committed to preparing this case for trial at the earliest possible date and anticipates that the case could be trial-ready by mid to late Fall of this year, again subject to this Court's availability.

The government does note, however, that following the completion of its discovery production, the defendant may choose to file a motion or motions to discover or obtain applications or orders or other materials which seek to discover, obtain or suppress evidence

8

or information obtained or derived pursuant to the Foreign Intelligence Surveillance Act. The presentation of such a motion would trigger the review procedures set forth in Sections 1806(f) and 1825(g) of that Act, which, again, would require an *in camera* and *ex parte* review by the Court of numerous classified and unclassified documents. *See* 50 U.S.C. §§ 1806(f) & 1825(g).

Finally, once the Court has resolved the requisite CIPA related motions and any potential motions addressing the manner in which the government acquired evidence under the Foreign Intelligence Surveillance Act, the parties will still need to present more traditional pre-trial matters to the Court for resolution. For example, the parties may choose to present motions addressing evidence to be presented pursuant to Federal Rule of Evidence 404(b) and may also wish to present motions addressing the parties' prospective expert witnesses. Again, due to the nature of the charges alleged against the defendant, a range of potentially complex, albeit unclassified motions will likely need to be addressed by the Court prior to trial.

Although the government will use its best efforts to expedite this process, it anticipates that the remaining necessary discovery and related motion practice required as set forth above will require a significant period of time that will preclude the parties from adhering to the Court's current July 23, 2012 trial date. Accordingly, the government

9

respectfully requests that the Court extend the trial to a subsequent date that will allow for the requisite time to address these necessary procedural requirements.

          Respectfully submitted,

          PATRICK J. FITZGERALD
          United States Attorney

By:   /s/ Joel M. Hammerman
      JOEL M. HAMMERMAN
      NICOLE M. KIM
      Assistant U.S. Attorneys
      219 South Dearborn St., Rm. 500
      Chicago, Illinois 60604
      (312) 886-7635

Dated: April 18, 2012