UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHAKER MASRI | No. 10 CR 655<br><br>Hon. Sharon Johnson Coleman |

**GOVERNMENT'S REPLY IN SUPPORT**
**OF ITS MOTION TO EXTEND TRIAL DATE**

Absent from the defendant's response is any argument to contradict the government's primary assertion that the unique and difficult issues that remain unresolved in this case cannot realistically be addressed by the Court prior to its scheduled July 23, 2012 trial date. To the contrary, the defendant's response acknowledges the arduous and time-consuming classified litigation procedures that await both the litigants and the Court. It is the need to address these complex and unusual issues that necessitates the government's request. Accordingly, the government respectfully submits that the Court provide the parties – all of whom remain committed to preparing this case for trial as expeditiously as possible – the modest delay that this case requires.

As explained in its motion, the government has, from the onset of this litigation, sought to address the difficult issues presented by the volume of classified discovery at issue in this case. The government submits that the matter is now in a posture in which the Court should set a schedule to address the requisite pretrial litigation matters involving both classified and unclassified discovery.[1] Although these litigation procedures will require the modest extension of time sought by the government's motion, the delay requested by the government does not present the constitutional quandary alleged in the defendant's response.

---
[1] The government will, in the interim, continue its ongoing production of discovery.

The defendant's argument is premised on the mistaken assertion that any additional pretrial delay would violate his constitutional right to a speedy trial. *See* U.S. CONST. amend. VI. Despite his claim to the contrary, the 90-day extension requested by the government will not violate his constitutional rights because, rather than adversely impacting his defense at trial, it will only assure that he is afforded a full and fair opportunity to present that defense. It is, in fact, telling that the defendant's response does not even attempt to articulate how the government's proposed extension will prejudice his defense or cite any cases that would support that argument.

The Seventh Circuit has generally held that delay alone will not support a constitutional speedy trial claim.[2] Rather, in analyzing such a claim, a court must assess whether the complained of delay is uncommonly long, the cause of the delay (*e.g.*, which party, if any, is at fault), whether the defendant asserted his right in a timely fashion, and whether the delay would cause the defendant actual prejudice. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *United States v. Oriedo*, 498 F.3d 593, 597 (7th Cir. 2007). An analysis of these factors demonstrates that the additional delay requested by the government will not result in a constitutional violation.

As an initial matter, the government respectfully submits that the 90-day extension requested by the government is not itself, or in aggregate with the time already expended, unreasonable given the nature of this case. Moreover, while the pre-trial delay that has occurred may not be attributable to the defendant, the cause of that delay should not be charged against the government either.[3]

---

[2] To the contrary, the Seventh Circuit has held that a court need not address a defendant's Sixth Amendment speedy trial argument absent a delay exceeding one year. *See United States v. Oriedo*, 498 F.3d 593, 597 (7th Cir. 2007) ("[U]nless a presumptively prejudicial amount of time elapsed in the district court [*i.e.*, one year], it is unnecessary to conduct a searching analysis.").

[3] Although the government generally acknowledges that the case's pretrial delay is not attributable to the defendant, he did specifically request that the case not be temporarily reassigned during the nearly six-month period in which Judge Hibbler was unavailable.

"Because pretrial delay is often both inevitable and wholly justifiable, [d]ifferent weights should be given to different reasons for delay." *United States v. Hills*, 618 F.3d 619, 630 (7th Cir. 2010) (internal quotations and citations omitted). This is not a case in which the government has sought to slow proceedings to in order to hamper the defense. Rather, the extension requested by the government's motion is due to the complexity of the classified discovery issues in this case. *See Barker*, 407 U.S. at 531 (distinguishing delays caused by malingering and other neutral justifications). In fact, as explained in the government's motion, the government has requested an extension in order to provide both parties the necessary opportunity to litigate these important issues.

The delay required by this case is, in fact, reasonable in light of the unique and complex questions associated with the defendant's prosecution. As set forth in the government's motion, terrorism cases present the type of unusual and challenging issues for which it is unreasonable to expect expeditious litigation. *See e.g., United States v. Salad*, 779 F.Supp.2d 509, 515-16 (E.D.Va. 2011) (rejecting Sixth Amendment speedy trial argument due, in part, to the "scale, complexity, and gravity" of a terrorism prosecution); *United States v. Al-Arian*, 267 F.Supp.2d 1258, 1263 (MD.Fla. 2003) . The Seventh Circuit has explained that the complexity of a prosecution is relevant because "the length of delay that can be tolerated for such a [difficult] case is longer than it is for prosecutions of simple . . . crimes." *United States v. Saenz*, 623 F.3d 461, 464 (7th Cir. 2010) (twenty month delay in multi-defendant conspiracy case did not violate the Sixth Amendment). Thus, while the defendant may not be responsible for the 90-day delay requested by the government, the difficulty in addressing the complicated classified procedures required of his prosecution should also not be weighed against the government.

The extension requested by the government is also not violative of the Sixth Amendment because the delay has not and will not impair the defendant's case. *See Saenz*, 623 F.3d at 465 (rejecting Sixth Amendment claim because delay posed no "tangible impairment" to the defendant's defense). "In fact, as long as the government shows reasonable diligence in prosecuting its case, a defendant who cannot demonstrate prejudice with specificity will not show a Sixth Amendment violation, no matter how long the delay." *Hills*, 618 F.3d at 632. The Seventh Circuit has therefore explained that even in those cases in which a defendant has been subjected to "[s]ignificant pretrial incarceration," absent evidence of a "tangible impairment" to his proposed defense, pretrial delay will not support a finding that he was deprived of a constitutional right. *See United States v. White*, 443 F.3d 582, 591 (7th Cir. 2006). Thus, while a defendant's incarceration is inherently prejudicial, it is "[a]ctual prejudice to the defense" that courts consider the "'most serious' concern raised by a delay." *Oriedo*, 498 F.3d at 600 (citation omitted). In this case, the requested extension is necessary to ensure that the Court and the parties – including the defendant – have sufficient time to address the necessary procedural requirements associated with the production and, if appropriate, presentation at trial of classified information. Absent some explanation demonstrating how a limited extension of time will adversely impact the defendant at trial, his Sixth Amendment claim must fail. *See White*, 443 F.3d at 591 (noting that absent tangible impairment to the defense, significant pretrial incarceration will not support a Sixth Amendment speedy trial claim).

In an attempt to buttress his speedy trial argument, the defendant further argues that the potential prejudice of any extension of the Court's trial date is exacerbated by the threat that such a delay could be further elongated due to his counsels' preexisting commitments. Assuming the perpetual unavailability of his counsel, the defendant claims that any change in the trial date will require him to endure such a prolonged delay that it would evolve into an actual speedy trial right

4

deprivation or the abandonment of his counsel of choice. The government respectfully submits that the alleged Hobbesian Choice presented by the defendant is overstated. While recognizing and respectful of counsels' busy trial schedule, the government submits that the parties can find the requisite time necessary to litigate this case at a time when the Court is available.[4] A delay in this case need not be indefinite, nor require the defendant to abandon his counsel of choice.

Finally, the government submits that the defendant's proposed solution to the alleged *Catch 22* he describes – pretrial release from custody – is not only unnecessary, but contrary to law. The Bail Reform Act, 18 U.S.C. § 3141, *et seq*., provides that in assessing whether to detain a defendant in advance of trial, a court shall consider whether there are conditions of pretrial release that will reasonably assure the defendant's appearance at trial and assure the safety of the community. 18 U.S.C. § 3142(e). In particular, a court is required to consider various factors, including: (1) the nature and seriousness of the charges; (2) the substantiality of the government's evidence against the arrestee; (3) the arrestee's background and characteristics, and (4) the nature and seriousness of the danger posed by the suspect's release. *See* 18 U.S.C. § 3142(g); *United States v. Salerno*, 481 U.S. 739 (1987). The statute does not include the prospective length of incarceration as one of the calculuses included in the equation of setting bail. *See United States v. Portes*, 786 F.2d 758 (7th Cir.1985).[5] Tellingly, the defendant has never contested his detention, implicitly recognizing that these factors necessitate his detention.

Although the Court in *Portes* did state that, if prolonged, the length of a defendant's pretrial detention could become punitive and accordingly, a Due Process concern, the government submits

---

[4] Although the government believes this case can be tried in less than two weeks, the Court may wish to reserve a third week of potential trial time in an abundance of caution.

[5] Rather, the length of pretrial incarceration is addressed by other statutory provisions; in particular, the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*

that the defendant's detention does not present such a case. The question of whether the length of pretrial detention becomes constitutionally excessive is assessed case-by-case. *United States v. Robinson*, No. 88–30021, 1990 WL 34678 (S.D.Ill. Mar. 24, 1990). The length of a detention period alone will rarely offend due process. *United States v. Orena*, 986 F.2d 628 (2d Cir. 1993); *cf. United States v. Hazelwood*, No. 1:10 CR 150, 2011 WL 680178 (N.D. Ohio Feb. 16, 2011) (noting that courts have rejected due process objections to pretrial detention lasting up to 33 months); *United States v. Stanford*, 722 F.Supp.2d 803, 806-07 (S.D.Tex.,2010) (citing cases in which detention of 17 to 33 months did not contravene Due Process). Rather, a Due Process challenge to pretrial detention necessitates not only a determination of whether the facts of the case support the Court's initial detention decision, but an additional review of many of the factors pertinent to the aforementioned Sixth Amendment speedy trial analysis. *See United States v. Hare,* 873 F.2d 796, 800–01 (5th Cir.1989); *Stanford*, 722 F.Supp.2d at 806-07. In this case, there is no question that the need to assure the defendant's appearance at trial and the need to protect the safety of the community necessitate the defendant's pretrial incarceration. Moreover, as set forth above, the additional factors relevant to the Sixth Amendment assessment that would be considered as part of a Due Process review would to not contravene that conclusion.[6]

---

[6] The defendant has further argued that any delay in his trial date would constitute cruel and unusual punishment. Although the government disagrees with the premise of the defendant's legal argument, it respectfully submits that the validity of that argument need not be addressed. The defendant's Eighth Amendment argument was predicated on an assertion that his detention within Metropolitan Correctional Center's administrative segregation unit is constitutionally unjust. As the Court is aware, the MCC has recently agreed to transfer the defendant to a general population housing facility. Accordingly, the defendant's Eighth Amendment is now moot.

*Conclusion*

Although the government will continue to use its best efforts to expedite all remaining pretrial processes, the remaining motion practice required of a classified case will effectively preclude the parties from adhering to the Court's current July 23, 2012 trial date. The government therefore respectfully requests that the Court extend the trial to a subsequent date by 90 days.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

By:   /s/ Joel M. Hammerman
        JOEL M. HAMMERMAN
        NICOLE M. KIM
        Assistant U.S. Attorneys
        219 South Dearborn St., Rm. 500
        Chicago, Illinois 60604
        (312) 353-8881

Dated: May 16, 2012