IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 CR 655 |
| | ) | Judge Sharon Johnson Coleman |
| SHAKER MASRI, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OBJECTIONS TO THE PRESENTENCE
INVESTIGATION REPORT AND SENTENCING MEMORANDUM**

Defendant **SHAKER MASRI,** by and through his attorneys, **THOMAS ANTHONY DURKIN**, **LINDA MORENO,** and **JOSHUA L. DRATEL,** pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, the opinions of the United States Supreme Court in *United States v. Booker,* 543 U.S. 220 (2005), *Rita v. United States,* 551 U.S. 338 (2007), *Gall v. United States,* 552 U.S. 38 (2007), *Kimbrough v. United States,* 552 U.S. 85 (2007), and *Nelson v. United States,* 555 U.S. 350 (2009), as well as 18 U.S.C. §3553(a), respectfully submits the following: (1) Defendant's Objections to the Presentence Investigation Report; and (2) Sentencing Memorandum.

**I.     BACKGROUND**

Pursuant to a Plea Agreement with the government, Defendant Shaker Masri pleaded guilty July 30, 2012, to Count One of the Indictment, which charges attempted provision of material support to a designated Foreign Terrorist Organization, namely *al Shabaab*. That Plea Agreement, reached pursuant to Rule 11(c)(1)(C), Fed.R.Crim.P., provides for a sentence of 118 months' imprisonment. For all the reasons set forth below, it is respectfully requested that the

Court accept the Agreement and sentence Mr. Masri to the agreed-upon term of 118 months in prison.

## II.   OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

### A.   PART A. THE OFFENSE
### The Offense Conduct
### Page 8, ¶ 26

Mr. Masri objects to consideration of any information from jailhouse informants. (PSR ¶ 26.) Such information is inherently unreliable, as noted in the historic 2002 Report of the Governor's Commission on Capital Punishment (hereinafter the "Ryan Report") in Illinois:

> [i]t was the unanimous view of Commission members that testimony from in-custody informants presented particular problems, which mandated special procedures calculated to insure that such witnesses were reliable. Testimony from in-custody witnesses has often been shown to have been false, and several of the thirteen cases of men released from death row involved, at least in part, testimony from an in-custody informant.

Ryan Report, at 122.[1]

Here, such information has not been tested by cross-examination or any other method of determining veracity or accuracy. Accordingly, such information should be disregarded entirely unless and until Mr. Masri is afforded the opportunity to confront such allegations.

### B.   PART A. THE OFFENSE
### Victim Impact
### Page 8, ¶ 27

Mr. Masri objects to the victim impact statement provided by the Assistant U.S. Attorney, which is contained in the government's version. There has not been any victim impact

---

[1] A .pdf of the Ryan Report is available at:
http://illinoismurderindictments.law.northwestern.edu/docs/Illinois_Moratorium_Commission_complete-report.pdf

in this case, as the conduct never proceeded to fruition, or even close to it.  There exist too many variables that could have acted as intervening factors before any victim impact assessment would be appropriate.  As a result, ¶ 27 of the PSR should be modified accordingly.

      **C.**      **PART D. SENTENCING OPTIONS**
               **Probation**
               **Page 17, ¶¶ 83-84**

Probation is available as a statutory sentence, even though the provisions of the advisory Sentencing Guidelines do not provide for probation.  As a result, ¶¶ 83-84 should be modified accordingly.

**III.**     **MR. MASRI'S SENTENCING MEMORANDUM**

It is respectfully submitted that the following factors are relevant to Mr. Masri's sentencing, and justify the 118-month sentence provided for in the Plea Agreement:

**A.**     **Mr. Masri Has Spent an Inordinate Amount of Time in the Special Housing Unit**

During the course of Mr. Masri's 28-month confinement, he has been confined to the Special Housing Unit (hereinafter "SHU") for over 21 of those months.  As set forth previously in Mr. Masri's motions for release from the SHU and/or release on bail, that represents an inordinately long time in solitary at the Metropolitan Correctional Center (hereinafter "MCC").

That extended period in the SHU not only made each day of Mr. Masri's confinement more onerous than it would be ordinarily, but it also had a degenerative effect on his psychological and emotional health (as evidenced in the report from United States Probation Officer Danielle Stern, which is discussed **post**).

B. **Mr. Masri Has Been Subject to Onerous Restrictions Even In General Population**

Mr. Masri has endured certain restriction even while in general population (that were imposed concurrent with the agreement to release Mr. Masri from the SHU). Again, these restrictions, which include repeated reporting to staff during the day, and limitations on e-mail and other communication with his family, add to the severity of Mr. Masri's conditions of confinement even during those periods he has not been housed in the SHU.

C. **The Report from the Probation Officer Regarding Mr. Masri's Mental Health**

USPO Danielle Stern filed an October 9, 2012, SPECIAL REPORT with the Court, noting that during the interview for the PSR, Mr. Masri disclosed that "since his arrest and his prolonged detention solitary confinement, he has had suicidal thoughts." However, Mr. Masri noted that "although he has never attempted suicide, he wants to 'give up.'" Mr. Masri also "indicated that he is anxious, paranoid, detached, and lacks empathy." Mr. Masri also expressed a desire for mental health treatment.

D. **The Recent Death of Mr. Masri's Mother and Events In Syria**

Mr. Masri's mother passed away in October 2012. She had been hospitalized for cancer treatment near Chicago shortly before, and the Court and United States Marshals Service enabled Mr. Masri to visit the hospital days before her death. However, Mr. Masri's mother was so heavily sedated that he could not converse with her.

That loss has been coupled with ongoing violent conflict in Syria, which threatens other members of Mr. Masri's family, as well as their property and assets in that country. These developments have substantially increased Mr. Masri's stress level, anxiety, frustration, and

feelings of helplessness while incarcerated, as he worries about the health and welfare of his family but is unable to provide any assistance.

E.  **The Offense Conduct Was Not Consummated, and No Harm Resulted From It**

Regarding the offense behavior, the ultimate conduct was never consummated, and therefore no harm resulted. Considering the considerable gulf between Mr. Masri's preparatory conduct and completion of the substantive conduct renders the possibility of consummation remote even without law enforcement intervention.

Respectfully submitted,

/s/Thomas Anthony Durkin
**THOMAS ANTHONY DURKIN,**

/s/Linda Moreno
**LINDA MORENO,**

/s/Joshua L. Dratel
**JOSHUA L. DRATEL,**
Attorneys for Defendant Shaker Masri.

**DURKIN & ROBERTS**
2446 North Clark
Chicago, Illinois 60614
(312) 913-9300
tdurkin@durkinroberts.com

**LINDA MORENO, P.A.**
P.O. Box 10985
Tampa, FL 33679
(813) 247-4500
lindamoreno.esquire@gmail.com

**JOSHUA L. DRATEL, P.C.**
2 Wall Street, 3rd Floor
New York, New York 10005
(212) 732-0707
jdratel@joshuadratel.com

5

## **CERTIFICATE OF SERVICE**

      Thomas Anthony Durkin, Attorney at Law, hereby certifies that the foregoing DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT and SENTENCING MEMORANDUM, was served on November 29, 2012, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

      /s/ Thomas Anthony Durkin
      **THOMAS ANTHONY DURKIN,**
      Attorney at Law.

**DURKIN & ROBERTS**
2446 N. Clark Street
Chicago, IL 60614
(312) 913-9300
tdurkin@durkinroberts.com